**In re Don and Elizabeth JOHNSON, Debtor.**

**Bankruptcy No. 1–82–01460.**

United States Bankruptcy Court, N.D. California.

Aug. 8, 1990.

Edward M. Walsh, San Francisco, Cal.

Anthony G. Sousa, U.S. Trustee, Region 17, San Francisco, Cal.

Bronson, Bronson & McKinnon, Harvey W. Hoffman, Timothy W. Hoffman, Santa Rosa, Cal., for trustee.

Elsaesser, Jarzabek & Buchanan, Sandpoint, Idaho, for creditor.

Beyers, Costin & Case, Santa Rosa, Cal., for debtor.

## ORDER REGARDING ASSIGNMENT OF CLAIMS

ALAN JAROSLOVSKY, Bankruptcy Judge.

Debtors Don and Elizabeth Johnson filed their Chapter 11 petition commencing this bankruptcy in 1982. Their plan of reorganization, providing for full payment to all creditors, was confirmed in 1984.

In June, 1985, the debtors converted their case to liquidation proceedings under Chapter 7. At that time, they stated that they could not continue making the payments due under their plan because funding for the plan was to come from their 20% interest in J.D. Lumber, a lumber mill in Priest River, Idaho, and this income had ceased. In their request for conversion, the debtors stated that they believed that the majority owners of J.D. Lumber had acted against them illegally.

After conversation, the Chapter 7 trustee commenced an action in federal district court against the majority owners of J.D. Lumber. On July 18, 1989, a district court jury found them liable to the estate on account of fraud and deceit, breach of fiduciary duties, and racketeering (RICO). Judgment was entered against them in the amount of $174,284.00, including punitive damages.

Since entry of the judgment, the losing owners of J.D. Lumber have done everything possible to avoid having to pay. They have appealed the judgment, accused the trustee of wrongdoing in not collecting other assets of the estate, and have set about "purchasing" claims from the creditors of the estate for $100 plus one-half of the dividend. It is only the latter issue that is now before the court, as questions have arisen as to whether the creditors have been tricked into assigning their claims or have made such assignments knowingly and intelligently.

It is not the function or purpose of this court to be the business advisor for the creditors. The court's only responsibility to creditors wishing to assign their claims is to see that they have received sufficient information to make an informed judgment. *Matter of Revere Copper and Brass, Inc.*, 58 B.R. 1 (Bkrtcy.S.D.N.Y. 1985). That is the purpose of this written decision. Once the creditors have read it, the can make up their own minds as to whether, in assigning their claims to J.D. Lumber, they have retained the services of a paladin or hired the fox to guard their henhouse.

Accordingly, the assignments of claims will be effective and binding as to all creditors who file a declaration stating that they have read this order and wish to reaffirm their decision to assign the claim. The assignments will be void as to those who choose not to file such a declaration. The court sets no time limit, so the creditors may await the outcome of J.D. Lumber's appeal and other motions if they so desire.

SO ORDERED.